In the Matter of the Claim of MARY QUIGLEY, Respondent, against BONRAY HOTEL CO., INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant was employed as a maid in a hotel at fifteen dollars per month with her board and room. Her hours were from eight-thirty o'clock A. M. until nine o'clock P. M. On the 12th of January, 1934, while she was working for her employer, going upstairs carrying dish towels, she fell and injured her elbow. Later in the evening, as she came out of a bathroom, she slipped on a rug and fell, sustaining a dislocation of her shoulder. The disability for which the award was made was the result of the injuries which were received. There is ample evidence to sustain the finding of the Board that the accidental injuries to claimant arose out of and in the course of her employment. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of WILLIAM KUTZ, Respondent, against RICHELL REALTY COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and carrier from award to claimant for disability. The only question raised here is the one of wage rate. Award unanimously affirmed, with costs to the Industrial Board upon the ground that the employer and carrier consented to the rate before the referee. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of FRANK KING, Respondent, against HELEN H. KOENIG, as Executrix, etc., of MARY HENKLE, Deceased, and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by Helen H. Koenig, as executrix of the estate of Mary Henkle, employer, from an award made against her as such executrix in claimant's favor. Claimant was in the employ of Mary Henkle and had charge of conducting a rooming house in Brooklyn, N. Y. Claimant attended to the heating and cleaning of the premises and took care of the rooms which were rented out. He also made repairs. After Mary Henkle's death claimant continued to render the same services to the executrix of her estate. On June 18, 1933, he was injured while removing hinges from a door with the intent of replacing them with new ones. An infection developed which resulted in a seventy per cent schedule loss of use of the left hand. Before the State Industrial Board appellant contended that the claimant was not covered by the Workmen's Compensation Law. The question as to the liability of the executrix as such to conduct the business was not raised before the Industrial Board. A lay witness testified that Mary Henkle left a will of which appellant is the executrix. That testimony is uncontroverted. An executrix is an employer within the meaning of the statute. (Workmen's Comp. Law, § 2, subd. 3.) The evidence sustains the finding of the Industrial Board that claimant was an employee and not an independent contractor and that he comes within the coverage of the compensation law. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.